**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DEWEL SMITH, | : | Civil No. 10-0790 (RMB) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| STATE OF NEW JERSEY, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

   DEWEL SMITH, <u>Pro Se</u>
   122 Tennessee
   Villas, New Jersey 08251

**BUMB, District Judge**

   Plaintiff Dewel Smith seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant <u>in forma pauperis</u> status.  As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

   Plaintiff asserts violation of his constitutional rights by the State of New Jersey and Office of the Court of the State of New Jersey.  He asserts the following facts, which this Court is

required to regard as true for the purposes of this review. See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

> I.S.P. officer made false reports and statements against a citizen of the United States. Officer refused to produce +drug test chain of custody report (Oct. 8, 2008 and Oct. 15, 2008). I have -drug hair test chain of custody report (Sept. 2008 till Dec. 2008). I.S.P. officer made false reports and statement about me disclosing to him on June 11, 2008 Social Security benefits making false report and statements causing mental and emotional terrorism.

(Docket Entry #1, p. 7.)

Plaintiff maintains that the State of New Jersey violated his constitutional rights by employing officers that made false reports and statements and employing officers that failed to report officers that made false reports and statements. (Docket Entry #1, p. 4.) He contends that the office of the New Jersey Courts similarly violated his rights by employing people who made false reports and statements, and employing persons who failed to report officers making such false reports. (Id. at 4-5.)

For violation of his constitutional rights, Plaintiff seeks damages, as well as injunctive relief ordering the F.B.I. to investigate the state and municipal courts of New Jersey, the police, public defenders, social services, prosecutor, and requiring alcohol/drug testing to be performed by a private physician or laboratory. (Docket Entry #1, p. 8.)

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous

>departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly.  See Fowler v. UPMC

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

Shadyside, 578 F.3d 203 (3d Cir. 2009). The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, ___ F. 3d ___, 2010 WL 5071779 at *4 (3d Cir. Dec. 14, 2010); see also Fowler, 578 F.3d at 210-11 ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether any claim raised in the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of

5

the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H.

Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The first problem with the Complaint is that the only defendants are the State of New Jersey and the Office of the Courts of the State of New Jersey, but neither a state nor a state office is subject to suit for damages under § 1983 for alleged constitutional violations. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989). The Complaint will, therefore, be dismissed in its entirety as against those entities for failure to state a claim upon which relief may be granted.

Even if Plaintiff were to amend the Complaint by naming the specific government officers who allegedly violated his constitutional rights[2], the Complaint, as written, would fail to state a § 1983 claim because it does not assert sufficient facts to show a violation of Plaintiff's constitutional rights under the Iqbal standard. Plaintiff complains that "I.S.P. officer made false reports and statements [and] refused to produce +drug

---

[2] See Iqbal, 129 S. Ct. at 1948 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . . Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

test chain of custody" (Docket Entry #1 at 7), but making a false statement or a false report does not in and of itself violate the United States Constitution.[3] See, e.g., Williams v. Fed. Bureau of Prisons, 85 Fed. Appx. 299, 304 (3d Cir. 2004) (holding that, absent a protected liberty interest, the Due Process Clause does not afford a prisoner any right to have inaccurate information expunged from his prison file); Hili v. Sciarrotta, 140 F. 3d 210, 216 (2nd Cir. 1998) (rejecting inmate's request for an injunction to correct inaccurate information in a presentence report which the inmate alleged was being used to deny him parole); Hampton v. Mouser, 701 F. 2d 766 (8th Cir. 1983) (claim that presence of false statements in presentence report adversely affected parole failed to state constitutional violation); Orsatti v. New Jersey State Police, 71 F. 3d 480, 484 (3d Cir. 1995) ("[F]or Fourth Amendment purposes, the issue is not whether information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested").

However, Plaintiff's allegations do not foreclose the possibility that he may be able to assert facts stating a § 1983 claim regarding the drug test and allegedly false reports against

---

[3] Plaintiff does not indicate what "I.S.P." means.

at least one person who was acting under color of state law. This Court will therefore grant Plaintiff 30 days leave to file an amended complaint naming individual defendants and "contain[ing] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.

        s/Renée Marie Bumb
        **RENÉE MARIE BUMB**
        United States District Judge

Dated: January 25, 2011