**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEWEL SMITH, | Civil No. 10-0790 (RMB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**BUMB,** District Judge:

    1.  Plaintiff filed a Complaint asserting that the State of New Jersey and the New Jersey courts violated his constitutional rights by employing officers who made false reports and statements and failed to report officers making false reports.  (Dkt. 1 at 4.)  Specifically, he alleged:

> I.S.P. officer made false reports and statements against a citizen of the United States.  Officer refused to produce +drug test chain of custody report (Oct. 8, 2008 and Oct. 15, 2008).  I have -drug hair test chain of custody report (Sept. 2008 till Dec. 2008).  I.S.P. officer made false reports and statement about me disclosing to him on June 11, 2008 Social Security benefits making false report and statements causing mental and emotional terrorism.

(Dkt. 1 at 7)

    2.  On January 25, 2011, this Court dismissed the Complaint without prejudice to the filing of an amended complaint.  (Dkt. 13 & 14.)  This Court found that the Complaint failed to state a claim under 42 U.S.C. § 1983 because neither of the named

defendants - the State of New Jersey and the Office of the Courts of the State of New Jersey - is subject to suit for damages under § 1983 for alleged constitutional violations. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Board, 438 F.2d 1189, 1190 (3d Cir. 1971).

3. However, because Plaintiff's allegations did not foreclose the possibility that he might be able to assert facts stating a § 1983 claim regarding the drug test and allegedly false reports against at least one person who was acting under color of state law, this Court granted leave to file an amended complaint.

4. Plaintiff filed an Amended Complaint. (Dkt. 16.) He alleges the following facts:

### I. background

> Ninety days to complete the intensive supervised program. Having discrimination issues at work. I was a model ISP participant. Couple weeks after being set unemployed from Wildwood linen Tim shade intensive supervised program officer . . . came to my house put me in chains place me in jail. I was not a prisoner of the state of New Jersey I was a free man participating in a program of the state, all this was done with a contempt of court order. In jail for four month watching intensive supervised participants being released back to the street with serious violations by Tim Shade. Letters written to intensive supervised probation asking for an explanation of incarceration. Then one day I received a letter violating me on the program. For positive urine samples on October 8, 2008 October 15, 2008. (**plaintiff has drug hair sample test all negative with Chain of custody . . . . From date of sample attached goes back 90 day).** And failure to

> disclose SSI.  Tim Shade was told June 11,
> 2008 of the SSI.  The day I was released into
> the program.  I was denied a public defender
> (because I had a mortgage on the house) there
> was no hearing.  Only a resentencing hearing
> judge refused to hear argument and sent me
> back to prison.
>
> ## II. The amended complaint
>
> November 2008 Tim shade came to my house
> asking me about positive urine on October 8,
> 2008.  And October 15, 2008.  I do not use
> drugs.  He put me in jail for two weekends.
> And into outpatient treatment.  I asked to
> have my treatment switched over to VA Cape May
> where I was being treated for posttraumatic
> stress major depression and anxiety disorder.
> My social worker also a drug counselor.  With
> support of my social worker I completed Tim
> shade requests.  **Then as stated in I.
> Background.** I went back to prison.  An
> intensive supervised program Officer Tim Shade
> action has damaged me.  I fear at any moment
> the government can walk into my house at any
> time and take me to jail because they just
> don't like me.  His action has hurt me for
> life by terrorizing me.  Cause mental and
> emotional torment.  I'm still receiving
> treatment for the harm that intensive
> supervised program caused me.

(Dkt. 16 at 1-2) (emphasis in original).

    5.  Several documents are attached to the Amended Complaint. A form entitled "Violation of the Intensive Supervision Program" indicates that on January 11, 2008, the Superior Court of New Jersey sentenced Plaintiff on January 11, 2008, for Theft-Illegal Retention; Plaintiff was released on June 11, 2008 and resentenced on March 5, 2009; and officials placed Plaintiff in custody on October 24, 2009, because Plaintiff tested positive for opiates on

October 8 and 15, 2008, and failed to disclose receipt of $611.00 per month social security benefits. Attached drug tests dated December 16, 2008, and December 23, 2008, show negative results. For violation of his constitutional rights, Plaintiff seeks damages. (Dkt. 16 at 2.)

    6. This Court reads the Amended Complaint as seeking damages under 42 U.S.C. § 1983 for allegedly unconstitutional incarceration on October 24, 2009, by the State of New Jersey. As the Supreme Court explained,

> We hold that, in order to recover damages for allegedly unconstitutional . . . imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

    7. In this Complaint, Plaintiff contends that he was incarcerated by New Jersey after he tested positive for opiates in October 2008, while participating in the Intensive Supervision

4

Program.  Were this Court to agree with Plaintiff that he has been unconstitutionally imprisoned, this decision would necessarily imply the invalidity of his imprisonment.  Because Plaintiff's incarceration has not been invalidated by a state court or called into question by issuance of a writ of habeas corpus, Plaintiff's Amended Complaint for damages based on the illegality of that incarceration is barred by Heck.  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("Heck specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence") (emphasis in original); Glenn v. Pennsylvania Bd. of Probation and Parole, 410 Fed. App'x 424 (3d Cir. 2011) (holding that damages claim for incarceration beyond original sentence is barred by Heck).  Because amending the Complaint would be futile, this Court will dismiss the federal claims in the Amended Complaint for failure to state a claim upon which relief may be granted and decline to exercise supplemental jurisdiction.  This Court finds that further attempts to amend would be futile.

    9.  An appropriate Order accompanies this Memorandum Opinion.

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**

Dated: **August 19, 2011**